Mark D. Rowland (CSB # 157862)
mark.rowland@ropesgray.com
Gabrielle E. Higgins (CSB # 163179)
gabrielle.higgins@ropesgray.com
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, California 94303-2284
Tel:  (650) 617-4000
Fax:  (650) 617-4090

Khue V. Hoang
khue.hoang@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Tel:  (212) 596-9000
Tel:  (212) 596-9090

Attorneys for Plaintiff
NXP SEMICONDUCTORS USA, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANCE BREVETS, S.A.S., NFC TECHNOLOGY, LLC, and INSIDE SECURE, S.A.S., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff NXP Semiconductors USA, Inc. ("NXP"), for its complaint against Defendants France Brevets, S.A.S. ("France Brevets"), NFC Technology, LLC ("NFCT"), and INSIDE Secure, S.A.S. ("INSIDE Secure"), alleges as follows:

## NATURE AND BASIS OF ACTION

1. NXP asserts claims for declaratory judgment of non-infringement and invalidity of U.S. Patents Nos. 6,700,551 ("the '551 patent"), 7,665,664 ("the '664 patent"), and 7,905,419 ("the '419 patent") (collectively, "the Patents in Suit"). This action arises from Defendants' licensing and enforcement efforts with respect to the Patents in Suit.

## PARTIES

2. Plaintiff NXP Semiconductors USA, Inc. ("NXP") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 411 East Plumeria Drive, San Jose, California.

3. Defendant France Brevets, S.A.S. ("France Brevets") is a corporation organized and existing under the laws of France, having its principal place of business at 47 Rue de la Victoire, Paris, France. Upon information and belief, France Brevets is currently assigned an exclusive worldwide license to various patents owned by INSIDE Secure, which France Brevets seeks to license to third-parties. Upon information and belief, France Brevets is currently assigned an exclusive worldwide license to at least the '419 Patent. Upon information and belief, France Brevets is an agent of INSIDE Secure.

4. Upon information and belief, Defendant INSIDE Secure, S.A.S. ("INSIDE Secure") is a corporation organized and existing under the laws of France, having its principal place of business at Rue de la carrière de Bachasson, Mayreuil, France. Upon information and belief, INSIDE Secure is the owner of certain patents which have been licensed exclusively to France Brevets. Upon information and belief, INSIDE Secure is the owner of at least the '419 Patent. Upon information and belief, INSIDE Secure assigned the '551 and '664 Patents to NFCT but may still possess a residual or equitable interest in one or both of those patents. Upon

information and belief, INSIDE Secure is the owner of the European patent counterparts of the '551, '664, and '419 Patents.

5. Upon information and belief, Defendant NFC Technology, LLC ("NFCT") is a limited liability corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 West Houston, Marshall, Texas. Upon information and belief, NFCT is an alter-ego and/or agent of France Brevets and was created solely for the purpose of holding and litigating one or more of the Patents in Suit against companies in the United States. Upon information and belief, NFCT is the owner of the '551 Patent and the '664 Patent, having been assigned those patents by INSIDE Secure on or about November 28, 2013.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is based at least upon 28 U.S.C. §§ 1331 and 1338(a).

7. Subject matter jurisdiction over NXP's claims for relief against France Brevets and its alter-ego and/or agent NFCT also exists under 28 U.S.C. § 1330(a) because France Brevets, including its alter-ego and/or agent NFCT, is an "agency or instrumentality of a foreign state" as defined in 28 U.S.C. § 1603(b), and is therefore included within the meaning of a "foreign state" as defined in 28 U.S.C. § 1603(a). Upon information and belief, France Brevets was established with funding provided by the French government and by the Caisse des Dépôts et Consignations, a French governmental agency. NXP's claims against France Brevets and NFCT are based upon commercial activity within the general exceptions to jurisdictional immunity of 28 U.S.C. § 1605, such that France Brevets and its alter-ego and/or agent NFCT are not entitled to immunity with respect to these claims. Subject matter jurisdiction as to NXP's claims therefore also exists under 28 U.S.C. § 1330(a).

8. This Court has personal jurisdiction under 28 U.S.C. § 1330(b) over France Brevets and its alter-ego and/or agent NFCT because, as set forth above, this Court has

jurisdiction over NXP's claims for relief against France Brevets and its alter-ego and/or agent NFCT under 28 U.S.C. § 1330(a).

9. Additionally, this Court has personal jurisdiction over France Brevets because, upon information and belief, France Brevets has engaged in licensing and enforcement activities relating to the Patents in Suit directed to the United States, including communications with customers of NXP products. Upon information and belief, France Brevets controls the operations of NFCT and directs litigation strategy with respect to the Patents in Suit.

10. This Court has personal jurisdiction over INSIDE Secure because, upon information and belief, INSIDE Secure is the owner of the '419 Patent and has entered into a licensing agreement with France Brevets with the intent of generating revenue from licensing and enforcement of the '419 Patent in the United States. Upon information and belief, France Brevets has directed such licensing and enforcement efforts at customers of NXP products, and is an agent of INSIDE Secure. Additionally, upon information and belief, INSIDE Secure has a United States subsidiary with its principal place of business at 555 Twin Dolphin Drive, Suite 620, Redwood City, California.

11. This Court also has personal jurisdiction over NFCT because, upon information and belief, NFCT is an alter ego and/or agent of France Brevets. Upon information and belief, NFCT has no meaningful assets other than the '551 and '664 Patents and conducts no business other than the filing of one or more lawsuits regarding infringement of the '551 and '664 Patents. Upon information and belief, France Brevets controls the day-to-day operations of NFCT.

12. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391(b)-(c) and/or 1400(b).

## THE PATENTS IN SUIT

13. On information and belief, U.S. Patent No. 6,700,551, entitled "Antenna Signal Amplitude Modulation Method," was issued on March 2, 2004, and is currently assigned to

NFCT. The ‘551 Patent was formerly assigned to INSIDE Secure. A copy of the ‘551 Patent is attached hereto as Exhibit A.

14. On information and belief, U.S. Patent No. 7,665,664, entitled “Inductive Coupling Reader Comprising Means for Extracting a Power Supply Voltage,” was issued on February 23, 2010, and is currently assigned to NFCT. The ‘664 Patent was formerly assigned to INSIDE Secure. A copy of the ‘664 Patent is attached hereto as Exhibit B.

15. On information and belief, U.S. Patent No. 7,905,419, entitled “Method for Routing Outgoing and Incoming Data in an NFC Chipset,” was issued on March 15, 2011, and is currently licensed to France Brevets. The ‘419 Patent is currently assigned to INSIDE Secure. A copy of the ‘419 Patent is attached hereto as Exhibit C.

## RELATIONSHIPS AMONG THE DEFENDANTS

16. Upon information and belief, on or about June 12, 2012, France Brevets and INSIDE Secure entered into an agreement whereby INSIDE Secure granted to France Brevets a worldwide exclusive license to grant non-exclusive licenses of patents included in the “NFC patent licensing program,” which includes the Patents in Suit.

17. In a joint press release issued June 21, 2012 by France Brevets and INSIDE Secure, France Brevets and INSIDE Secure announced the launch of a “near field communication patent licensing program.” Through that agreement, France Brevets manages and leads all efforts to license INSIDE Secure’s patents regarding near field communication technology. A copy of the June 21, 2012 press release is attached hereto as Exhibit D.

18. Upon information and belief, in or about June 2013, France Brevets and INSIDE Secure entered into a licensing agreement that was recorded on or about October 1, 2013 by the U.S. Patent and Trademark Office. Pursuant to that agreement, INSIDE Secure licensed the ‘419 Patent to France Brevets, the conveyance of which was recorded with the U.S. Patent and Trademark Office on or about October 1, 2013. A copy of the assignment and accompanying licensing agreement is attached hereto as Exhibit E.

19. NFCT was formed on November 19, 2013. At the time of NFCT's formation, upon information and belief, the sole initial manager of NFCT was France Brevets. A copy of the Certificate of Formation of Limited Liability Company for NFCT is attached hereto as Exhibit F.

20. Upon information and belief, NFCT was organized in Marshall, Texas at the behest of France Brevets for the sole purpose of establishing the Eastern District of Texas as the forum for a lawsuit alleging infringement of patents assigned by INSIDE Secure to France Brevets or its alter-ego and/or agent, NFCT.

21. By an Assignment of Patent Rights dated November 28, 2013 and recorded on December 11, 2013, INSIDE Secure assigned the '551 and '664 Patents, respectively, to NFCT. The conveyance was signed on behalf of NFCT by its CEO, Jean Charles Hourcade. Upon information and belief, Jean Charles Hourcade is also the managing director of France Brevets. A copy of the Assignment of Patent Rights to NFCT is attached hereto as Exhibit G.

### FRANCE BREVETS SEEKS TO LICENSE THE PATENTS IN SUIT TO USERS OF NXP PRODUCTS

22. Upon information and belief, France Brevets has approached customers of NXP products regarding the licensing and enforcement of patents either assigned to NFCT or assigned to INSIDE Secure and licensed to France Brevets, including the Patents in Suit.

23. Upon information and belief, France Brevets' licensing efforts have included the presentation of claim charts for infringement of the '551 Patent by products "utilizing a NXP PN544 NFC Communication Controller." Such claim charts contain images of NXP's PN544 product, information derived from the reverse engineering of components of the PN544 product, and excerpts from NXP documents regarding the PN544 product.

24. Upon information and belief, France Brevets' licensing efforts have also included the presentation of claim charts for infringement of the '664 Patent by products "utilizing a NXP PN544 NFC Communication Controller." Such claim charts contain images of NXP's PN544

product, information derived from the reverse engineering of components of the PN544 product, and excerpts from NXP's documents regarding the PN544 product.

25. Upon information and belief, France Brevets' licensing efforts further included the presentation of information about European Patent No. 1,855,229 and its United States counterpart, the '419 Patent.

## NFCT SUES USERS OF NXP PRODUCTS FOR INFRINGEMENT OF THE '551 AND '664 PATENTS

26. On December 5, 2013, NFCT filed claims ("the NFCT Lawsuit") in the Eastern District of Texas against HTC America, Inc. ("HTC"), LG Electronics USA, Inc., and LG Electronics Mobilecomm (collectively, "LG"). In the NFCT Lawsuit, NFCT asserts that HTC and LG infringe one or more claims of the '551 and '664 Patents—two of the three patents at issue in this declaratory judgment action—by "making, using, selling, importing, and/or offering for sale mobile phones and/or other devices, *having NXP Semiconductors chips* and other components with Near Field Communication (NFC) capability." (emphasis added) A copy of the complaint from the NFCT Lawsuit is attached hereto as Exhibit H.

27. In the NFCT Lawsuit, NFCT contends that the '551 and '664 Patents are valid and enforceable.

28. Upon information and belief, the primary basis for NFCT's allegations of infringement by HTC and LG is their respective utilization of NXP products, such as the PN544 product, that include near-field communications capability.

## FRANCE BREVETS SUES USERS OF NXP PRODUCTS FOR INFRINGEMENT OF THE EUROPEAN COUNTERPARTS OF THE PATENTS IN SUIT

29. On December 5, 2013, France Brevets filed claims in its own name ("the FB Lawsuits") in Düsseldorf, Germany against LG Electronics Deutschland GmbH and HTC Germany GmbH. In the FB Lawsuits, France Brevets asserts that LG Electronics Deutschland GmbH and HTC Germany GmbH infringe one or more claims of the following patents: European Patent No. 1,855,229 (the counterpart of the '419 Patent), German Patent No. 20 2006

021 229 (the counterpart of the '664 Patent), and European Patent No. 1,163,718 (the counterpart of the '551 Patent).

30.     In the FB Lawsuits, France Brevets asserts that the European patent counterparts to the '551 Patent, the '664 Patent, and the '419 Patent are valid and enforceable.

31.     Upon information and belief, France Brevets' infringement allegations in the FB Lawsuits arise from the same circumstances and products as the infringement allegations of the NFCT Lawsuit, and France Brevets' allegations of infringement by LG Electronics Deutschland GmbH and HTC Germany GmbH will be based primarily upon the same utilization of NXP products, such as the PN544 product, as the allegations in the NFCT Lawsuit.

32.     On December 9, 2013, France Brevets issued a press release announcing the filing of patent infringement lawsuits against LG and HTC in Germany and in the United States. The press release identifies NFCT, "an affiliate of France Brevets," as the party filing the U.S. lawsuit. The press release further states that "FB is represented by McKool Smith for the US litigation." A copy of the December 9, 2013 press release is attached hereto as Exhibit I.

## CONTROVERSY BETWEEN NXP AND THE DEFENDANTS REGARDING THE PATENTS IN SUIT

33.     NXP sells and offers for sale in the United States semiconductor products with near field communication capability, including the PN544 NFC Controller product and other products.

34.     Upon information and belief, Defendants have threatened to sue, and have sued, users of NXP products with near field communication capability, including the PN544 NFC Controller product, based upon their use of those products.

35.     Defendants' licensing and enforcement actions threaten to harm the goodwill of NXP's customers towards NXP.

36.     Defendants' licensing and enforcement actions may prompt users of NXP products to cease using NXP products in order to circumvent Defendants' allegations of

infringement of the Patents in Suit, lawsuits by Defendants based thereon, or the cost of licensing the Patents in Suit, resulting in lost sales for NXP.

37. Accordingly, an immediate and real controversy exists between NXP and Defendants concerning Defendants' claims of infringement of the Patents in Suit by NXP's products and concerning the invalidity of the Patents in Suit.

## COUNT ONE
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,700,551)

38. NXP repeats and realleges Paragraphs 1 through 37 above as though fully set forth herein.

39. France Brevets, through its licensing and enforcement activities and through the NFCT Lawsuit filed by its alter-ego and/or agent NFCT, contends that the '551 Patent is valid and enforceable.

40. NXP contends that at least claims 1 and 5 of the '551 Patent are invalid and unenforceable for failure to satisfy one or more of the requirements for patentability, including as set forth in 35 U.S.C. §§ 102, 103, and/or 112.

41. For example, at least claims 1 and 5 of the '551 Patent are anticipated or rendered obvious by the prior art.

42. Furthermore, at least claims 1 and 5 of the '551 Patent lack adequate written description, are not enabled, and/or are indefinite.

43. As set forth above, an actual and justiciable controversy exists between NXP and Defendants regarding the validity of the '551 Patent.

44. NXP is entitled to a declaration that at least claims 1 and 5 of the '551 Patent are invalid.

## COUNT TWO
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,700,551)

45. NXP repeats and realleges Paragraphs 1 through 44 above as though fully set forth herein.

46. NXP has not directly infringed and does not directly infringe any valid and enforceable claim of the '551 Patent by any manufacture, use, sale, importation, licensing and/or offer for sale of NXP products with near field communication capability, including at least the PN544 product, and NXP is entitled to a judicial declaration to that effect.

47. NXP also has not indirectly infringed and does not indirectly infringe, either by contribution or by inducement, any valid and enforceable claim of the '551 Patent through making, using, selling, offering for sale or importing NXP products with near field communication capability, including at least the PN544 product, and NXP is entitled to a judicial declaration to that effect.

48. Additionally, NXP has not possessed and does not possess the specific intent to encourage another's infringement of the '551 Patent through the use or incorporation of NXP products with near field communication capability, including at least the PN544 product, at least because of NXP's good-faith belief of non-infringement and/or invalidity of the '551 Patent.

49. NXP is entitled to a declaratory judgment of non-infringement of the '551 Patent by NXP products with near field communication capability, including at least the PN544 product.

### COUNT THREE
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,665,664)

50. NXP repeats and realleges Paragraphs 1 through 49 above as though fully set forth herein.

51. France Brevets, through its licensing and enforcement activities and through the NFCT Lawsuit filed by its alter-ego and/or agent NFCT, contends that the '664 Patent is valid and enforceable.

52. At least claims 1, 13, and 29 of the '664 Patent are invalid and unenforceable for failure to satisfy one or more of the requirements for patentability, including as set forth in 35 U.S.C. §§ 102, 103, and/or 112.

53. For example, at least claims 1, 13, and 29 of the '664 Patent are anticipated or rendered obvious by the prior art.

54. Furthermore, at least claims 1, 13, and 29 of the '664 Patent lack adequate written description, are not enabled, and/or are indefinite.

55. As set forth above, an actual and justiciable controversy exists between NXP and Defendants regarding the validity of the '664 Patent.

56. NXP is entitled to a declaration that at least claims 1, 13, and 29 of the '664 Patent are invalid.

## COUNT FOUR
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,665,664)

57. NXP repeats and realleges Paragraphs 1 through 56 above as though fully set forth herein.

58. NXP has not directly infringed and does not directly infringe any valid and enforceable claim of the '664 Patent by any manufacture, use, sale, importation, licensing and/or offer for sale of NXP products with near field communication capability, including at least the PN544 product, and NXP is entitled to a judicial declaration to that effect.

59. NXP also has not indirectly infringed and does not indirectly infringe, either by contribution or by inducement, any valid and enforceable claim of the '664 Patent through making, using, selling, importing, offering for sale or importing NXP products with near field communication capability, including at least the PN544 product.

60. Additionally, NXP has not possessed and does not possess the specific intent to encourage another's infringement of the '664 Patent through the use of NXP products with near field communication capability, including at least the PN544 product, at least because of NXP's good-faith belief of infringement and/or invalidity of the '664 Patent.

61. NXP is entitled to a declaratory judgment of non-infringement of the '664 Patent by NXP products with near field communication capability, including at least the PN544 product.

## COUNT FIVE
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,905,419)

62. NXP repeats and realleges Paragraphs 1 through 61 above as though fully set forth herein.

63. France Brevets, through its licensing and enforcement efforts and through the FB Lawsuits, contends that the '419 Patent is valid and enforceable.

64. At least claims 1 and 12 of the '419 Patent are invalid and unenforceable for failure to satisfy one or more of the requirements for patentability, including as set forth in 35 U.S.C. §§ 102, 103, and/or 112.

65. For example, at least claims 1 and 12 of the '419 Patent are anticipated or rendered obvious at least by the prior art.

66. Furthermore, at least claims 1 and 12 of the '419 Patent lack adequate written description, are not enabled, and/or are indefinite.

67. As set forth above, an actual and justiciable controversy exists between NXP and Defendants regarding the validity of the '419 Patent.

68. NXP is entitled to a declaration that at least claims 1 and 12 of the '419 Patent are invalid.

## COUNT SIX
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,905,419)

69. NXP repeats and realleges Paragraphs 1 through 68 above as though fully set forth herein.

70. NXP has not directly infringed and does not directly infringe any valid and enforceable claim of the '419 Patent by any manufacture, use, sale, importation, licensing and/or

offer for sale of NXP products with near field communication capability, including at least the PN544 product, and NXP is entitled to a judicial declaration to that effect.

71. NXP also has not indirectly infringed and does not indirectly infringe, either by contribution or by inducement, any valid and enforceable claim of the '419 Patent through making, using, selling, offering for sale or importing NXP products with near field communication capability, including at least the PN554 product, and NXP is entitled to a judicial declaration to that effect.

72. Additionally, NXP has not possessed and does not possess the specific intent to encourage another's infringement of the '419 Patent through the use or incorporation of NXP products with near field communication capability, including at least the PN544 product, at least because of NXP's good-faith belief of non-infringement and/or invalidity of the '419 Patent.

73. NXP is entitled to a declaratory judgment of non-infringement of the '419 Patent by NXP products with near field communication capability, including at least the PN544 product.

## PRAYER FOR RELIEF

WHEREFORE, NXP prays for judgment and relief against Defendants that:

A. The Court enter a declaratory judgment that at least claims 1 and 5 of the '551 Patent, at least claims 1, 13, and 29 of the '664 Patent, and at least the claims 1 and 12 of the '419 Patent are invalid;

B. The Court enter a declaratory judgment that NXP is not infringing and has not infringed, either directly or indirectly, any valid and enforceable claim of the '551, '664, and '419 Patents through making, using, selling, offering for sale or importing of NXP products with near field communication capability, including at least the PN544 product; and

C. The Court award such other and further relief as it may deem just and proper.

Respectfully submitted,

March 14, 2014

By */s/ Mark D. Rowland*
Mark D. Rowland
mark.rowland@ropesgray.com
Gabrielle E. Higgins
gabrielle.higgins@ropesgray.com
Khue V. Hoang
khue.hoang@ropesgray.com
ROPES & GRAY LLP

**Attorneys for Plaintiff
NXP SEMICONDUCTORS USA, INC.**