Stephanie M. Adams Ryan
**McKool Smith Hennigan P.C.**
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone: (650)-394-1381
Facsimile: (650)-394-1422
sadamsryan@mckoolsmithhennigan.com

Robert Auchter *(PRO HAC VICE Pending)*
Benjamin Levi *(PRO HAC VICE Pending)*
Brandon Jordan *(PRO HAC VICE Pending)*
**McKool Smith P.C.**
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344
rauchter@mckoolsmith.com
blevi@mckoolsmith.com
bjordan@mckoolsmith.com

*Attorneys for Defendant*
*NFC Technology, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC.<br><br>        Plaintiff,<br><br>   v.<br><br>FRANCE BREVETS, S.A.S., NFC TECHNOLOGY, LLC, and INSIDE SECURE, S.A.S.<br><br>        Defendants. | Case No. 3:14-cv-01225-SI<br><br>**DEFENDANT NFC TECHNOLOGY, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 27, 2014<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br><br>Judge: Hon. Susan Illston |

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

## **TABLE OF CONTENTS**

I.      Introduction ........................................................................................................... 2

II.     Statement of Issues ............................................................................................... 2

III.    Relevant Facts ....................................................................................................... 2

IV.     Argument ............................................................................................................... 3

        A.      Plaintiff Cannot Meet its Burden of Demonstrating a Basis for Personal
                Jurisdiction Over NFC Technology, LLC ................................................. 3

                1.      No Personal Jurisdiction Under NXP's "Foreign State" Theory ..................... 3

                2.      NXP Fails to Allege Any Other Basis for Personal Jurisdiction Over
                        NFCT and None Exists .......................................................................... 4

        B.      NXP's Claims Should Be Dismissed for Improper Venue ........................................ 11

                1.      Venue Is Neither Alleged Nor Proper Under 28 U.S.C. § 1391(f) ................. 11

                2.      Venue Is Not Proper Under 28 U.S.C. §§ 1391(b),(c) and/or 1400(b) .......... 12

V.      Conclusion ........................................................................................................... 13

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
    160 F.3d 1373 (Fed. Cir. 1998)..................................................................4, 5

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009)..................................................................7, 8

*Avocent Huntsville Corp. v. Aten Int'Z Co., Ltd.*,
    552 F .3d 1324 (Fed. Cir. 2008)..................................................................5, 8

*Bancroft & Masters, Inc. v. Augusta Nat'l, lnc.*,
    223 F.3d 1082 (9th Cir. 2000)..................................................................6

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)..................................................................7

*Dainippon Screen Mfg. Co. v. CFMT, Inc.*,
    142 F.3d 1266 (Fed. Cir. 1998)..................................................................5

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ..................................................................4, 10

*Genetic Implant Sys., Inc. v. Core-Vent Corp.*,
    123 F.3d 1455 (Fed. Cir. 1997)..................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011)..................................................................6

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
    328 F.3d 1122 (9th Cir. 2003) ..................................................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)..................................................................5

*Hewlett-Packard Co. v. Acceleron LLC*,
    587 F.3d 1358 (Fed. Cir. 2009)..................................................................11

*Hildebrand v. Steck Mfg. Co., Inc.*,
    279 F.3d 1351 (Fed. Cir. 2002)..................................................................9

*HollyAnne Corp. v. TFT, Inc.*,
    199 F.3d 1304 (Fed. Cir. 1999)..................................................................5

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)...........................................................................................5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994)...........................................................................................5

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*,
   232 F.3d 1369 (Fed. Cir. 2000)..........................................................................5

*Perkins v. Benguet Consol. Mining Co.*,
   342 U.S. 437 (1952)...........................................................................................6

*Radio Sys. Corp. v. Accession, Inc.*,
   638 F.3d 785 (Fed. Cir. 2011)............................................................................8

*Red Wing Shoe Co., Inc. v. Rockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998)..........................................................................9

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991)..............................................................................7

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007)........................................................................11

*Shute v. Carnival Cruise Lines*,
   897 F.2d 377 (9th Cir. 1990)..............................................................................5

*Silent Drive, Inc. v. Strong Indus., Inc.*,
   326 F.3d 1194 (Fed. Cir. 2003)..........................................................................4

*Smith v. McCullough*,
   270 U.S. 456 (1926)...........................................................................................5

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
   622 F. Supp. 2d 890 (N.D. Cal. 2009) .............................................................10

*USA Payments, Inc. v. Hotel Ramada of Nev.*,
   No. C-01-1450 VRW, 2001 U.S. Dist. LEXIS 9493 (N.D. Cal. June 21, 2001) ....................4

*Walsh v. Am. Trust*,
   7 Cal. App. 2d 654, 47 P.2d 323 (1935) ..........................................................10

**Statutes**

28 U.S.C. § 1330.............................................................................................................3

28 U.S.C. § 1332(c) ........................................................................................................4

28 U.S.C. § 1391(b) ......................................................................................................12

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

28 U.S.C. § 1391(f)..................................................................................................11

28 U.S.C. § 1603(a)..................................................................................................12

28 U.S.C. § 1603(b)...............................................................................................3, 12

**Other Authorities**

Fed. R. Civ. P. 12(b)(3).............................................................................................12

McKool Smith Hennigan
A Professional Corporation • Attorneys
DALLAS, TEXAS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MᴄKᴏᴏʟ Sᴍɪᴛʜ Hᴇɴɴɪɢᴀɴ
A Pʀᴏꜰᴇꜱꜱɪᴏɴᴀʟ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ · Aᴛᴛᴏʀɴᴇʏꜱ
Dᴀʟʟᴀꜱ, Tᴇxᴀꜱ

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 27, 2014 at 9:00 a.m., or as soon thereafter as the matter may be heard, by the Hon. Susan Illston in Courtroom 10, 19th floor, Defendant NFC Technology, LLC, will and hereby does move the Court pursuant to Rule 12 of the Federal Rules of Civil Procedure for an order dismissing Plaintiff NXP Semiconductors USA, Inc.'s Complaint for Patent Infringement for lack of personal jurisdiction and improper venue.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Pascal Asselot, the pleadings, files, and records in this action, and upon such additional evidence and arguments that may be presented at the hearing of this motion.

DATED: May 5, 2014                    Respectfully submitted,

MᴄKᴏᴏʟ Sᴍɪᴛʜ

By  /s Stephanie M. Adams Ryan

Stephanie M. Adams Ryan
MᴄKᴏᴏʟ Sᴍɪᴛʜ Hᴇɴɴɪɢᴀɴ
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone: (650)-394-1381
Facsimile: (650)-394-1422
sadamsryan@mckoolsmithhennigan.com

Robert Auchter *(PRO HAC VICE Pending)*
Benjamin Levi *(PRO HAC VICE Pending)*
Brandon Jordan *(PRO HAC VICE Pending)*
MᴄKᴏᴏʟ Sᴍɪᴛʜ P.C.
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344
rauchter@mckoolsmith.com
blevi@mckoolsmith.com
bjordan@mckoolsmith.com

*Attorneys for Defendant*
*NFC Technology, LLC*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3

NFC Technology, LLC, ("NFCT") is a corporation organized under the laws of Texas and is

4

located in Texas.  Because NFCT is not subject to personal jurisdiction in the Northern District of

5

California, plaintiff's claims against NFCT should be dismissed.  Likewise, because NFCT does not

6

reside in the Northern District of California and the events or omissions giving rise to plaintiff's

7

claims did not occur in the Northern District of California, the claims against NFCT should be

8

dismissed for improper venue.[1]

9

### II.   STATEMENT OF ISSUES

10

1.   Does the Court have personal jurisdiction over NFC Technology, LLC?

11

2.   Is venue proper with respect to plaintiff's claims against NFC Technology, LLC?

12

### III.  RELEVANT FACTS

13

Plaintiff NXP Semiconductors USA, Inc. ("NXP") filed this action on March 14, 2014,

14

seeking a declaratory judgment that U.S. Pat. No. 6,700,551 ("the '551 patent"); 7664,664 ("the '664

15

patent"); and 7,905,419 ("the '419 patent") are not infringed and invalid.

16

NXP alleges that NFCT is an "agency or instrumentality of a foreign state as defined in 28

17

U.S.C. § 1603(b)."  (Dkt. No. 1 at ¶ 7.)  NXP concedes that NFCT is incorporated under the laws of

18

a State of the United States and has its principal place of business in Texas.[2]  NXP alleges no activity

19

in, or connection to, this district or in California by NFCT.

20

NFCT is not licensed to do business in this district or in California, and NFCT is not doing

21

business this district or in California.  (Asselot Decl. at ¶ 2.)  As indicated above, NFCT is a Texas

22

corporation organized under the laws of Texas.  (Dkt. No. 1 at Ex. F.)  NFCT does not maintain an

23

office in California.  (Asselot Decl. at ¶ 3.)  NFCT does not have a registered agent in California.

24

(Asselot Decl. at ¶ 4.)  NFCT is not registered or licensed to do business in California.  (Asselot

25

Decl. at ¶ 5).  NFCT does not own or lease real property in California.  (Asselot Decl. at ¶ 6.)  NFCT

26

27

28

---

[1]  NFCT also believes that the Court lacks subject matter jurisdiction, and reserves all rights to raise this defense at a later date.

[2]  NXP incorrectly alleges that NFCT is a Delaware corporation (Dkt. No. 1 at ¶ 5.), whereas it is in fact a Texas corporation.  (Dkt. No. 1 at Ex. F.)

McKool Smith Hennigan
A Professional Corporation · Attorneys
Dallas, Texas

does not own or lease personal property in California.  (Asselot Decl. at ¶ 7).  NFCT does not pay

taxes in California.  (Asselot Decl. at ¶ 8).  NFCT does not have employees in California.  (Asselot

Decl. at ¶ 9).  NFCT does not advertise to California residents, and NFCT does not pay for any print,

radio, television, or any other advertising directed to California residents.  (Asselot Decl. at ¶ 10).

NFCT does not have any bank accounts in California.  (Asselot Decl. at ¶ 11).

## IV.   ARGUMENT

### A.   Plaintiff Cannot Meet its Burden of Demonstrating a Basis for Personal Jurisdiction Over NFC Technology, LLC

#### 1.   *No Personal Jurisdiction Under NXP's "Foreign State" Theory*

NXP alleges that NFCT is subject to the personal jurisdiction of this Court under 28 U.S.C. §

1330(b) because NFCT is allegedly an agency or instrumentality of a foreign state under 28 U.S.C. §

1603(b).  (Dkt. No. 1 at ¶¶ 7, 8.)  In that regard, NXP alleges that personal jurisdiction exists over

NFCT because "NFCT is an alter ego and/or agent of France Brevets."  (Dkt. No. 1 at ¶ 11.)

Under NXP's "instrumentality of a foreign state" theory, personal jurisdiction under 28

U.S.C. § 1330 exists only where all three of requirements set forth in 28 U.S.C. § 1603 (b) (1)-(3)

are satisfied.  *See* 28 U.S.C. § 1330.  Under 28 U.S.C. § 1603 (b), an "agency or instrumentality of a

foreign state" means any entity:

(1) which is a separate legal person, corporate or otherwise, ***and***

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, ***and***

(3) which is ***neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country***.

28 U.S.C. § 1603 (b) (emphases added).

Although NFCT reserves its right to dispute the other factors, for purposes of this present

motion factor (3) is dispositive, and thus NFCT focuses on that factor.

NXP's complaint concedes that NFCT was incorporated in the State of Texas. (Dkt. No. 1 at

Ex. F.)  NXP also concedes that NFCT has its principal place of business in Texas.  (Dkt. No. 1 at ¶

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

5.)  NFCT is incorporated in no other U.S. State or foreign state, nor does NFCT have any other principal place of business.  (Asselot Decl. at ¶ 12.)

NFCT is a citizen of the State of Texas as defined in 28 U.S.C. § 1332(c) and (e) because corporations are "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c).

Thus, because NFCT is a citizen of Texas and because it was not created under the laws of any third country, NXP fails to prove that NFCT satisfies at least the third requirement under § 1603 (b) for it to be an "agency or instrumentality of a foreign state."  Accordingly, NXP fails to demonstrate that NFCT is subject to the personal jurisdiction of this Court under 28 U.S.C. § 1330(b).

2.    *NXP Fails to Allege Any Other Basis for Personal Jurisdiction Over NFCT and None Exists*

NXP alleges no basis for personal jurisdiction over NFCT separate and apart from its "foreign state" theory, and none exists.  NXP alleges no activity in, or connection to, this district or in California by NFCT.

In a patent infringement suit, this Court must apply Federal Circuit law in determining whether personal jurisdiction may be exercised over a nonresident defendant. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377-78 (Fed. Cir. 1998). The Court, however, may rely upon Ninth Circuit law regarding personal jurisdiction to the extent it is not inconsistent with Federal Circuit authority. *USA Payments, Inc. v. Hotel Ramada of Nev.*, No. C-01-1450 VRW, 2001 U.S. Dist. LEXIS 9493, at *2-3 (N.D. Cal. June 21, 2001). Plaintiff bears the burden of demonstrating that personal jurisdiction is proper. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Because California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction

McKool Smith Hennigan
A Professional Corporation • Attorneys
dallas, texas

comports with federal due process. *See HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999); *Dainippon Screen Mfg. Co. v. CFMT, Inc.,* 142 F.3d 1266, 1269-70 (Fed. Cir. 1998). For due process to be satisfied when the defendant is not present in California, the defendant must have minimum contacts with the state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted).

Under the "minimum contacts" inquiry, personal jurisdiction can be established on either general or specific jurisdictional grounds. *Helicopteros Nacionales de Colombia, S.A. v. Hall* ("*Helicopteros* "), 466 U.S. 408, 414-15 & n.9 (1984). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000) (citing *Helicopteros*, 466 U.S. at 414-16). The necessary contacts to establish general jurisdiction are quite high. *See Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990) (citing *Helicopteros*, 466 U.S. at 414)), *rev'd* on other grounds by 499 U.S. 585 (1991). Specific jurisdiction is present when the nonresident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable. *3D Sys., Inc.*, 160 F.3d at 1378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476-77 (1985)).

Plaintiff bears the burden of demonstrating either general personal jurisdiction or specific personal jurisdiction. *Avocent Huntsville Corp. v. Aten Int'Z Co., Ltd.*, 552 F .3d 1324, 1330 (Fed. Cir. 2008). In effect, the Court presumes lack of jurisdiction unless the asserting party can prove otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, plaintiff must affirmatively and specifically show the existence of whatever is essential to federal jurisdiction. If plaintiff fails to do so, this Court must dismiss the case. *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

a.     The Court Does Not Have General Jurisdiction Over NFC
       Technology, LLC

Plaintiff alleges no facts to demonstrate that NFCT's contacts with California are substantial or "continuous and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952). "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). Among the factors that courts consider are "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process," is registered or licensed to do business in the state, pays taxes in the state, or maintains bank accounts in the state. *Id.* The United States Supreme Court reiterated the significant nature and extent of contact that must be established for general jurisdiction: contacts must be so "continuous and systematic " as to "render [the foreign corporation] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (emphasis added).

NFCT is not subject to general jurisdiction in the Northern District of California. NFCT is not licensed to do business in this district or in California, and NFCT is not doing business in this district or in California. (Asselot Decl. at ¶ 2.) As indicated above, NFCT is a Texas corporation organized under the laws of Texas. (Dkt. No. 1 at Ex. F.) NFCT does not maintain an office in California. (Asselot Decl. at ¶ 3). NFCT does not have a registered agent in California. (Asselot Decl. at ¶ 4). NFCT is not registered or licensed to do business in California. (Asselot Decl. at ¶ 5). NFCT does not own or lease real property in California. (Asselot Decl. at ¶ 6). NFCT does not own or lease personal property in California. (Asselot Decl. at ¶ 7). NFCT does not pay taxes in California. (Asselot Decl. at ¶ 8). NFCT does not have employees in California. (Asselot Decl. at ¶ 9). NFCT does not advertise to California residents, and NFCT does not pay for any print, radio, television, or any other advertising directed to California residents. (Asselot Decl. at ¶ 10). NFCT does not have any bank accounts in California. (Asselot Decl. at ¶ 11).

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

b.      The Court Does Not Have Specific Jurisdiction Over NFC Technology, LLC

i.      *Legal Standard for Specific Jurisdiction in Declaratory Judgment Cases*

When a defendant is not subject to general personal jurisdiction, a district court may exercise specific personal jurisdiction only if: "(1) the defendant purposefully directed the activities at residents of the forum; (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd*., 566 F.3d 1012, 1016 (Fed. Cir. 2009).  Moreover, in the Ninth Circuit, specific jurisdiction is analyzed under a similar three prong test: (1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.  *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991).  *See also Burger King Corp. v. Rudezewicz*, 471 U.S. 462, 472-73 (1985) (noting that a court may exercise specific jurisdiction over a nonresident defendant if "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.").

In an action for declaratory judgment of non-infringement, invalidity, and/or unenforceability, "the relevant activities are those that the defendant purposefully directs . . . at the forum which relate in some material way to the enforcement or the defense of the patent." *Autogenomics, Inc. v. Oxford Gene Tech Ltd.*, 566 F.3d 1012, 1019-20 (Fed. Cir. 2009).  The Federal Circuit has explained that:

> [A]n action for a declaratory judgment "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit," and that the relevant inquiry for specific jurisdiction is "to what extent . . . the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities." Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action.

*Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (citations omitted).  Moreover, "only enforcement or defense efforts related to the patent rather than the patentee's own

NFC TECHNOLOGY, LLC'S
MOTION TO DISMISS                        7                        Case No. 3:14-cv-01225-SI

commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee." *Autogenomics*, 566 F.3d at 1020. In a declaratory judgment action, the claim does not arise out of making, using, selling, offering to sell, or importing potentially infringing products in the forum, and such facts are not sufficient to establish specific jurisdiction.  *Avocent*, 552 F.3d at 1332.  Likewise, the mere sale of a defendant's products— whether covered by patents-in-suit or not—is not sufficient to establish specific personal jurisdiction in a declaratory judgment suit.  *Avocent*, 552 F.3d at 1338.

> ii.      *NFC Technology, LLC, Took No Action in This District That Would Give Rise to Specific Jurisdiction over NXP's Declaratory Judgment Claims.*

Understanding that NXP's own presence and economic activities in the Northern District of California cannot form a basis for specific jurisdiction in a declaratory judgment action, NXP has not pled that NFCT has taken any action in the Northern District of California whatsoever.  NXP does not allege that any actions giving rise to a case or controversy occurred in California, relying instead on miscellaneous communications and on litigations occurring in Texas and Germany.  (Dkt. No. 1 at ¶¶ 22-29).

As an initial matter, the identified activities of France Brevets and/or NFCT cannot support an action for declaratory judgment in this District.  Enforcing the patent-in-suit outside of the forum does not subject defendants to specific personal jurisdiction in the forum. *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 792 (Fed. Cir. 2011) (affirming district court's Rule 12(b)(2) dismissal for lack of personal jurisdiction and noting that the Court "made clear in *Avocent* that enforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum, and that decision is controlling here"); *Avocent*, 552 F.3d at 1339 ("We are aware of no precedent that holds that the filing of a suit in a particular state subjects that party to specific jurisdiction everywhere else").

The Federal Circuit has also rejected assertions of specific jurisdiction based on a foreign defendant's communications directed at plaintiffs in the forum concerning certain enforcement related activities. For example, a foreign defendant may notify a party of alleged infringement and

McKOOL SMITH HENNIGAN
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

enter into unsuccessful licensing negotiations with the accused infringer without being subject to specific jurisdiction in the accused infringer's forum. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002) (reversing district court's denial of Rule 12(b)(2) motion to dismiss and holding there was no specific jurisdiction where "[a]ll of [defendant's] documented contacts were for the purpose of warning against infringement or negotiating license agreements, and he lacked a binding obligation in the forum"). Even beyond simple service of a complaint, settlement negotiations are also unlikely to be used as jurisdictional contacts because of the policy favoring settlements. *See Red Wing Shoe Co., Inc. v. Rockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) (citing *Digi-Tel Holdings. Inc. v. Proteq Telecomms. (PTE), Ltd*, 89 F.3d 519, 524 (8th Cir. 1996) ("Courts have hesitated to use unsuccessful settlement discussions as 'contacts' for jurisdictional purposes")).

NXP does not plead that any activities giving rise to declaratory judgment jurisdiction occurred in this District, and NXP's allegations fall far short of what is required for specific jurisdiction.

            iii.   *The Activities of Others Cannot Confer Specific Jurisdiction Over NFCT*

Identifying no actions of NFCT that could support specific jurisdiction in California, NXP (1) asserts that NFCT is the "alter ego and/or agent of France Brevets." (Dkt. No. 1 at ¶ 5; *see also Id.* at ¶ 9) and (2) contends that France Brevet's alleged "licensing and enforcement activities relating to the Patents in Suit directed to the United States. (Dkt. No. 1 at ¶ 9.) As such, NXP attempts to impute the activities of France Brevets to NFCT.

First, NFCT is not the agent or alter-ego of France Brevets. To establish that a subsidiary is the alter ego of the parent corporation, NXP:

> must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice. The plaintiff must show that the parent exercises such control over the subsidiary so as to render the latter a mere instrumentality of the former.

McKOOL SMITH HENNIGAN
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

McKOOL SMITH HENNIGAN
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

1   *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134-35 (9th Cir.

2   2003).  NXP has not pled any evidence to support any claim that NFCT is the alter-ego of France

3   Brevets.  France Brevets and NFCT have different officers, keep separate books and records, do not

4   comingle assets, and maintain separate bank accounts.  (Asselot Decl. at ¶ 13).  France Brevets

5   S.A.S. does not control the day-to-day operations of NFCT.  (Asselot Decl. at ¶ 14).  NFCT does not

6   have the authority to bind France Brevets.  (Asselot Decl. at ¶ 15).  Moreover, NFCT is not the alter-

7   ego of its grandparent corporation, France Brevets, merely because NFCT is a wholly-owned

8   subsidiary.[3]  *Harris Rutsky & Co. Ins. Servs., Inc.*, 328 F.3d at 1134 ("100% control through stock

9   ownership does not by itself make a subsidiary the alter ego of the parent.").  Tellingly, NXP alleges

10  that NFCT holds ownership rights to the '551 and '664 patents as a result of an assignment from

11  Inside Secure S.A. (Dkt. No. 1 at ¶ 21), and it cannot be said that NFCT is acting as an agent for

12  France Brevets when NFCT asserts its own patent rights in Texas or elsewhere.

13        Just as NFCT is not the alter-ego of France Brevets, NFCT is also not the agent of France

14  Brevets.  NXP is far from satisfying this Court's agency test, which is satisfied only upon "a

15  showing that the subsidiary functions as the parent corporation that if it did not have a representative

16  to perform them, the corporations own officials would undertake to perform substantially similar

17  services." *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001).  NXP likewise offers no prima-

18  facie case that satisfies the traditional agency test, which requires NXP to demonstrate "(1) a

19  manifestation by the principal that the agent shall act for him; (2) that the agent has accepted the

20  undertaking; and (3) that there is an understanding between the parties that the principal is to be in

21  control of the undertaking." *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d

22  890, 899 (N.D. Cal. 2009).  No such facts exist, and, in California, "[t]he law indulges no

23  presumption that an agency exists but instead presumes that a person is acting for himself and not as

24  the agent for another." *Walsh v. Am. Trust*, 7 Cal. App. 2d 654, 659, 47 P.2d 323 (1935).

25        Second, France Brevet's alleged "licensing and enforcement activities relating to the Patents

26  in Suit directed to the United States" cannot confer specific jurisdiction over NFCT.  Making general

27  [3] FB Licensing, LLC, a Texas limited liability company, is the whole owner of NFC Technology, LLC.  France Brevets
28  S.A.S, a French corporation, is the whole owner of FB Licensing, LLC.  France Brevets S.A.S. is referred to herein as "France Brevets."

NFC TECHNOLOGY, LLC'S
MOTION TO DISMISS                              10                    Case No. 3:14-cv-01225-SI

1   statements that patents are available for licensing does not rise to the level of creating an Article III

2   case or controversy.  "Article III jurisdiction may be met where the patentee takes a position that

3   puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or

4   abandoning that which he claims a right to do."  *SanDisk Corp. v. STMicroelectronics, Inc.*, 480

5   F.3d 1372, 1381 (Fed. Cir. 2007).  As an initial matter, NFCT did not exist at the time that the June

6   21, 2012, press release cited by NXP (Dkt. No. 1 at ¶ 17) was published, and it would therefore be

7   improper to impute such statements on NFCT.  (Dkt. No. 1 at Ex. F. (noting that NFCT was

8   incorporated in November of 2013)).  Nevertheless, the press release that NXP cites contains

9   language of a general nature and simply contains no statements by France Brevets (or NFCT) that

10  would put NXP or any other person under an apprehension of suit.  (*See* Dkt. No. 1 at Ex. D.)  *See*

11  *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009) ("a communication

12  from a patent owner to another party, merely identifying its patent and the other party's product line,

13  without more, cannot establish adverse legal interests between the parties, let alone the existence of a

14  'definite and concrete' dispute.").

15          Because NFCT or France Brevets took no actions toward NXP or NXP's customers in

16  California, this Court lacks specific jurisdiction over NFCT.

17          B.      NXP's Claims Should Be Dismissed for Improper Venue

18          NXP's sole allegation that venue is proper in this district is based on 28 U.S.C. §§ 1391(b)(c)

19  and/or 1400(b).  (*See* Dkt. No. 1 at ¶ 12.)  Although NXP alleges that NFCT is an "agency or

20  instrumentality of a foreign state," NXP fails to allege venue is proper under 28 U.S.C. § 1391(f),

21  which is the applicable venue statute under NXP's "foreign state" theory.  In any event, venue is

22  improper under 28 U.S.C. §§ 1391(b)(c), 1400(b), as well as 28 U.S.C. § 1391(f).

23          1.      *Venue Is Neither Alleged Nor Proper Under 28 U.S.C. § 1391(f)*

24          Under NXP's (incorrect) theory that NFCT is an "agency or instrumentality of a foreign

25  state," NXP must demonstrate venue is proper under 28 U.S.C. § 1391(f).  Although NXP failed

26  even to allege venue under that statute, NFCT nevertheless addresses that statute below and

27  demonstrates that venue is improper thereunder.

28

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

Subsection (f) of 28 U.S.C. § 1391 provides:

(f) Civil Actions Against a Foreign State.— A civil action against a foreign state as defined in section 1603(a) of this title may be brought—

(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;

(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

Here, the potentially applicable sections are (1) and (3).[4]  With respect to subsections (1) and (3), venue is improper in this district for the same reasons NFCT is not subject to personal jurisdiction in this district, as discussed above in Sections IV.A.1. and 2.

Accordingly, for these reasons, venue in this district is improper.

2.      *Venue Is Not Proper Under 28 U.S.C. §§ 1391(b),(c) and/or 1400(b)*

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss an action on the basis of improper venue.  Fed. R. Civ. P. 12(b)(3).  A proper analysis shows that this District is not a proper venue. The general venue statute provides that:

Venue in General.-A civil action may be brought in--
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[4]  Subsection (2) does not apply because this action does not involve a vessel or cargo.  Subsection (4) does not apply because NXP does not allege that NFCT is "a foreign state or political subdivision thereof." *See* Dkt. No. 1 at ¶ 7.  *See also* 28 U.S.C. § 1603(a) and (b).

McKool Smith Hennigan
A Professional Corporation • Attorneys
Dallas, Texas

28 U.S.C. § 1391(b).

This District is not a proper venue for the following reasons. **First**, none of the Defendants in this action reside in the Northern District of California. (*See* Dkt. No. 1 at ¶¶ 3-5). Likewise, NFCT is not subject to general jurisdiction in the Northern District of California, as set forth above. (*See supra*, Section IV.A.2.). **Second**, NXP hast not established that any of the events or omissions giving rise to its claims occurred in California, instead relying primarily on litigation occurring in Texas and Germany. (Dkt. No. 1 at ¶¶ 26, 29). Moreover, NXP has not established that the patent rights are held by NFCT in California. **Third**, under 28 U.S.C. § 1391(b), venue in this District is improper because, as previously noted, NFCT is not subject to personal jurisdiction in this District, nor do the activities of NFCT subject it to jurisdiction in this District as alleged by NXP. Based on the allegations in the complaint, NXP has not demonstrated that any section of 28 U.S.C. § 1391 can be met. Accordingly, Plaintiff's complaint should be dismissed for improper venue.

## V.    CONCLUSION

Because NFCT is not subject to the personal jurisdiction of this Court, for improper venue, and for the reasons set forth above, NXP's complaint should be dismissed.

DATED: May 5, 2014                             Respectfully submitted,

                                               MCKOOL SMITH

                                               By   /s Stephanie M. Adams Ryan

                                               Stephanie M. Adams Ryan
                                               MCKOOL SMITH HENNIGAN
                                               255 Shoreline Drive, Suite 510
                                               Redwood Shores, CA 94065
                                               Telephone: (650)-394-1381
                                               Facsimile: (650)-394-1422
                                               sadamsryan@mckoolsmithhennigan.com

                                               Robert Auchter *(PRO HAC VICE Pending)*
                                               Benjamin Levi *(PRO HAC VICE Pending)*
                                               Brandon Jordan *(PRO HAC VICE Pending)*
                                               MCKOOL SMITH P.C.
                                               1999 K Street NW, Suite 600
                                               Washington, DC 20006

MCKOOL SMITH HENNIGAN
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

Telephone: (202) 370-8300
Fax: (202) 370-8344
rauchter@mckoolsmith.com
blevi@mckoolsmith.com
bjordan@mckoolsmith.com

*Attorneys for Defendant*
*NFC Technology, LLC*