1  Courtland L. Reichman
   Stephanie M. Adams Ryan
2  **McKool Smith Hennigan P.C.**
   255 Shoreline Drive, Suite 510
3  Redwood Shores, CA 94065
   Telephone: (650)-394-1401
4  Facsimile: (650)-394-1422
   creichman@mckoolsmithhennigan.com
5  sadamsryan@mckoolsmithhennigan.com

6  Robert Auchter *(PRO HAC VICE)*
   Benjamin Levi *(PRO HAC VICE)*
7  **McKool Smith P.C.**
   1999 K Street NW, Suite 600
8  Washington, DC 20006
   Telephone: (202) 370-8300
9  Fax: (202) 370-8344
   rauchter@mckoolsmith.com
10 blevi@mckoolsmith.com

11 *Attorneys for Defendant*
   *France Brevets, S.A.S.*

12

13                    **UNITED STATES DISTRICT COURT**

14                    **NORTHERN DISTRICT OF CALIFORNIA**

15                            **SAN FRANCISCO**

16                                                    Case No. 3:14-cv-01225-SI

17  NXP SEMICONDUCTORS USA, INC.
                                                      **DEFENDANT FRANCE BREVETS,**
18                    Plaintiff,                      **S.A.S.'S NOTICE OF MOTION AND**
                                                      **MOTION TO DISMISS; AND**
19         v.                                         **MEMORANDUM OF POINTS AND**
                                                      **AUTHORITIES IN SUPPORT**
20  FRANCE BREVETS, S.A.S., NFC                       **THEREOF**
    TECHNOLOGY, LLC, and INSIDE SECURE,
21  S.A.S.                                            Judge: Hon. Susan Illston

22                    Defendants.                     Date: August 22, 2014
                                                      Time: 9:00 a.m.
23                                                    Courtroom:  Courtroom 10, 19th Floor

24

25

26

27

28

FRANCE BREVETS S.A.S.'S MOTION TO                              Case No. 3:14-cv-01225-SI
DISMISS

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

1
2
3

# **TABLE OF CONTENTS**

Notice of Motion and Motion ........................................................................................ 1

Memorandum of Points and Authorities…………………………………………………2

I.      Introduction………………………………………………………………………2

II.     Statement of Issues ........................................................................................... 3

III.    Relevant Facts .................................................................................................. 4

IV.     Argument ........................................................................................................ 5

        A.     France Brevets Is Not Subject to Personal Jurisdiction and This Court Lacks
               Subject Matter Jurisdiction Under NXP USA's "Foreign State" Theory .................... 5

               1.     France Brevets Is Not an "Agency or Instrumentality of a Foreign
                      State" ........................................................................................ 6

               2.     This Action Is Not Based Upon a "Commercial Activity" under 28
                      U.S.C. § 1605(a)(2) ..................................................................... 8

        B.     Plaintiff Cannot Meet its Burden of Demonstrating Any Other Basis for
               Personal Jurisdiction Over France Brevets ................................................. 10

               1.     The Court Does Not Have General Jurisdiction Over France Brevets ........... 11

               2.     The Court Does Not Have Specific Jurisdiction Over France Brevets........... 14

        C.     NXP USA's Claims against France Brevets Should be Dismissed for Lack of
               Subject Matter Jurisdiction. .................................................................. 17

        D.     NXP USA's Claims Should Be Dismissed for Improper Venue .............................. 20

V.      Conclusion ..................................................................................................... 21

McKool Smith Hennigan p.c.
A Professional Corporation · Attorneys
Dallas, Texas

# TABLE OF AUTHORITIES

Page(s)

CASES

*3D Sys., Inc. v. Aarotech Labs., Inc.*,
  160 F.3d 1373 (Fed. Cir. 1998)................................................................10, 13

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 (1937).....................................................................................16

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009)....................................................................13

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*,
  552 F.3d 1324 (Fed. Cir. 2008)........................................................10, 14, 15

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ......................................................................11

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)......................................................................................13

*Cisco Sys. v. Alta Telecomms. Research Ctr.*,
  538 Fed. Appx. 894 (Fed. Cir. 2013) ...........................................................18

*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014) ...............................................................................10, 11

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ........................................................................10

*Dole Food Co. v. Patrickson*,
  538 U.S. 468 (2003).....................................................................................6, 7

*First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*,
  462 U.S. 611 (1983).......................................................................................5

*Freund, et al. v. The Republic of France*,
  592 F. Supp. 2d 540 (S.D.N.Y. 2008)............................................................6

*Genetic Implant Sys., Inc. v. Core-Vent Corp.*,
  123 F.3d 1455 (Fed. Cir. 1997)....................................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S. Ct. 2846 (2011)..................................................................................11

MCKOOL SMITH HENNIGAN P.C.
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ................................................................12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984).................................................................10, 11

*Hewlett-Packard Co. v. Acceleron LLC*,
   587 F.3d 1358 (Fed. Cir. 2009).........................................................18

*HID Global Corp. v. Isonas, Inc.*,
   2014 U.S. Dist. LEXIS 56024 (C.D. Cal. April 21, 2014) .....................15

*Hildebrand v. Steck Mfg. Co., Inc.*,
   279 F.3d 1351 (Fed. Cir. 2002)...........................................................15

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945).............................................................................10

*Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*,
   455 F.3d 1364 (Fed. Cir. 2006)............................................................9

*J. McIntyre Machinery, Ltd. v. Nicastro*,
   131 S.Ct. 2780 (2011)........................................................................12

*Kirkham v. Societe Air France*,
   429 F.3d 288 (D.C. Cir. 2005)..............................................................8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994)....................................................................10, 16

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007).............................................................................16

*Microsoft Corp. v. Datatern, Inc.*,
   2014 U.S. App. LEXIS 8419 (Fed. Cir. May 5, 2014) ...........................19

*Patrickson v. Dole Food Co.*,
   251 F.3d 795 (9th Cir. 2001) ...........................................................5, 6

*Peterson v. Islamic Republic of Iran*,
   627 F.3d 1117 (9th Cir. 2010) .............................................................7

*Radio Sys. Corp. v. Accession, Inc.*,
   638 F.3d 785 (Fed. Cir. 2011)........................................................14, 15

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998)......................................................14, 15

*Republic of Arg. v. Weltover, Inc.*,
   504 U.S 607 (1992)..............................................................................9

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ...........................................................................13

*Sachs v. Republic of Aus.*,
    737 F.3d 584 (9th Cir. 2013) ............................................................................8

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    480 F.3d 1372 (Fed. Cir. 2007)........................................................................17

*Saudi Arabia v. Nelson*,
    507 U.S. 349 (1993)...........................................................................................7

*Schwarzennegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2003) ...........................................................................11

*Shell Oil Co. v. Amoco Corp.*,
    970 F.2d 885 (Fed. Cir. 1992)..........................................................................17

*Silent Drive, Inc. v. Strong Indus., Inc.*,
    326 F.3d 1194 (Fed. Cir. 2003).....................................................................9, 14

*Smith v. McCullough*,
    270 U.S. 456 (1926)..........................................................................................10

*Studex Corp. v. Blomdahl Medical Innovation*,
    355 F. Supp.2d 3 (D.D.C. September 20, 2004)................................................17

*Terenkian v. Republic of Iraq*,
    694 F.3d 1122 (9th Cir. 2012) ...........................................................................8

*Top Victory Electronics v. Hitachi Ltd.*,
    No. C 10-01579 CRB, 2010 U.S. Dist. LEXIS 125003 (N.D. Cal. Nov. 15, 2010)...............17

*USA Payments, Inc. v. Hotel Ramada of Nev.*,
    No. C-01-1450 VRW, 2001 U.S. Dist. LEXIS 9493 (N.D. Cal. June 21, 2001) ...................10

STATUTES

28 U.S.C. § 1330(a) .........................................................................................4, 5

28 U.S.C. § 1330(b) ............................................................................................5

28 U.S.C. § 1391(b) ......................................................................................19, 20

28 U.S.C. § 1391(f)(1) ........................................................................................20

28 U.S.C. § 1391(f)(3) ........................................................................................20

28 U.S.C. § 1400..................................................................................................20

McKOOL SMITH HENNIGAN P.C.
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

28 U.S.C. § 1603(b) ................................................................................................5

28 U.S.C. § 1605(a)(2) ............................................................................................7

28 U.S.C. § 2201(a) ...............................................................................................16

McKool Smith Hennigan P.C.
A Professional Corporation · Attorneys
Dallas, Texas

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 22, 2014, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Hon. Susan Illston in Courtroom 10, 19th Floor, Defendant France Brevets S.A.S. will and hereby does move the Court pursuant to Rule 12 of the Federal Rules of Civil Procedure for an order dismissing Plaintiff NXP Semiconductors USA, Inc.'s Complaint for Patent Infringement for lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Agnès Bégouin-Grenard, the pleadings, files, and records in this action, and upon such additional evidence and arguments that may be presented at the hearing of this motion.

DATED: June 18, 2014

Respectfully submitted,

MCKOOL SMITH HENNIGAN, P.C.

/S/ _Stephanie M. Adams Ryan_

Courtland L. Reichman
Stephanie M. Adams Ryan
MCKOOL SMITH HENNIGAN
255 Shoreline Drive, Suite 510
Redwood Shores, CA 94065
Telephone: (650)-394-1045
Facsimile: (650)-394-1422
creichman@mckoolsmithhennigan.com

Robert Auchter *(PRO HAC VICE)*
Benjamin Levi *(PRO HAC VICE)*
MCKOOL SMITH P.C.
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344
rauchter@mckoolsmith.com
blevi@mckoolsmith.com

FRANCE BREVETS S.A.S.'S MOTION TO DISMISS

1

Case No. 3:14-cv-01225-SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Defendant*
*France Brevets, S.A.S.*

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

France Brevets, S.A.S. is a French corporation organized under the laws of France and located in France.  France Brevets, S.A.S. has never litigated in or conducted business in California. France Brevets' connections to the United States are limited to having a subsidiary in Texas that is litigating in Texas, connections that are far too tenuous for jurisdiction or venue.  Because France Brevets, S.A.S. is not subject to personal jurisdiction in the Northern District of California, the claims of plaintiff, NXP Semiconductors USA, Inc. ("NXP USA"), against France Brevets, S.A.S. should be dismissed.  Additionally, because no case or controversy exists between France Brevets, S.A.S. and NXP USA, plaintiff's claims against France Brevets, S.A.S. should be dismissed for lack of subject matter jurisdiction.  Finally, because France Brevets, S.A.S. does not reside in the Northern District of California and the events allegedly giving rise to NXP USA's claims did not occur in the Northern District of California, the claims against France Brevets, S.A.S. should be dismissed for improper venue.  None of these deficiencies are cured by NXP USA's allegations that NFC Technology LLC ("NFCT") is an agent or alter-ego of France Brevets, S.A.S.  As set forth in NFCT's Motion to Dismiss and Reply in support thereof, NFCT is not an agent or alter-ego of France Brevets.  (Dkt. No. 25 at 9 – 10 and Dkt. No. 31 at 8 – 12).

This Court should reject NXP USA's attempt to create redundant litigation over patent claims that were properly brought in Texas by stretching the bounds of jurisdiction and venue beyond their legitimate bounds in an effort to ensnare foreign corporations with no contacts to this district.

**II.     STATEMENT OF ISSUES**

1. Does the Court have personal jurisdiction over France Brevets, S.A.S.?

2. Does the Court have subject matter jurisdiction to hear plaintiff's declaratory judgment claims against France Brevets S.A.S.?

3. Is venue proper with respect to plaintiff's claims against France Brevets, S.A.S.?

FRANCE BREVETS S.A.S.'S MOTION TO DISMISS

3

Case No. 3:14-cv-01225-SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

## III.   RELEVANT FACTS

On March 14, 2014, plaintiff NXP Semiconductors USA, Inc. filed a complaint for declaratory judgment of invalidity and non-infringement on three United States Patents: U.S. Pat. No. 6,700,551 ("the '551 patent"); 7664,664 ("the '664 patent"); and 7,905,419 ("the '419 patent"). NXP USA is a US subsidiary of Dutch companies NXP BV and NXP Semiconductors NV. (Dkt. No. 7).  In its complaint, NXP USA admitted that France Brevets, S.A.S. ("France Brevets") is organized and exists under the laws of France, with its principal place of business in Paris, France. (Dkt. No. 1 at ¶ 3).

NXP USA alleges that France Brevets is an "agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(b)."  (Dkt. No. 1 at ¶ 7).  NXP USA also alleges that its claims against France Brevets are "based upon commercial activity within the general exceptions to jurisdictional immunity of 28 U.S.C. § 1605."  (Dkt. No. 1 at ¶ 7).

France Brevets is a corporation, organized and existing under the laws of France, with its principal place of business at 47 Rue de la Victoire, Paris, France.  France Brevets does not maintain an office in California.  (Bégouin-Grenard Decl. at ¶ 3).  France Brevets does not have a registered agent in California.  (Bégouin-Grenard Decl. at ¶ 4).   France Brevets is not registered or licensed to do business in California.  (Bégouin-Grenard Decl. at ¶ 2).  France Brevets does not own or lease real property in California, or anywhere in the United States.  (Bégouin-Grenard Decl. at ¶ 5). France Brevets does not own or lease tangible personal property in California, or anywhere in the United States.  (Bégouin-Grenard Decl. at ¶ 6).  France Brevets does not pay taxes in California, or anywhere in the United States.  (Bégouin-Grenard Decl. at ¶ 7).  France Brevets does not have employees in California, or anywhere in the United States.  (Bégouin-Grenard Decl. at ¶ 8).  France Brevets does not advertise to California residents, and France Brevets does not pay for any print, radio, television, or any other advertising directed to California residents.  (Bégouin-Grenard Decl. at ¶ 9).  France Brevets does not have any bank accounts in California, or anywhere in the United States.  (Bégouin-Grenard Decl. at ¶ 10).

NXP USA has pled that its declaratory judgment action arises from activities carried out by France Brevets and NFC Technology, LLC ("NFCT").   Specifically, NXP USA states that (1) "France Brevets has approached customers of NXP products regarding the licensing and enforcement of patents …" (Dkt. No. 1 at ¶ 22); that (2) "France Brevets' licensing efforts have included the presentation of claim charts for infringement of the '551 Patent [and '664 Patent]…" (*Id.* at ¶ 23-24); that (3) "France Brevets' licensing efforts further included the presentation of information about European Patent No. 1,855,229 and its United States counterpart, the '419 Patent" (*Id.* at ¶ 25); and that (4) "France Brevets filed claims in its own name in Düsseldorf, Germany against LG Electronics Deutschland GmbH and HTC Germany GmbH" on European patents related to the patents-in-suit in this action.  (*Id.* at ¶ 29) (parentheticals omitted).  NXP USA has not alleged that any of these activities were carried out in, or directed to, California or the United States.  Nor does NXP USA allege that any customer of NXP *USA* has been approached by France Brevets.  (*See* (Dkt. No. 1 at ¶ 22 ("customers of *NXP products*" rather than customers of NXP USA itself (emphasis added)) In fact, NXP USA does not allege that France Brevets carried out any activities in the United States, seeking instead to rely on the activities of a different entity: "NFCT[,] filed claims in the Eastern District of Texas against HTC America, Inc., LG Electronics USA, Inc., and LG Electronics Mobilecomm." (*Id.* at ¶ 26) (parentheticals omitted).  These activities are plainly not carried out in California and are not directed to California.

## IV.   ARGUMENT

### A.   France Brevets Is Not Subject to Personal Jurisdiction and This Court Lacks Subject Matter Jurisdiction Under NXP USA's "Foreign State" Theory

NXP USA alleges that this Court has subject matter jurisdiction over its declaratory judgment claims and personal jurisdiction over France Brevets under 28 U.S.C. § 1330(a) and (b) because France Brevets is allegedly an agency or instrumentality of a foreign state under 28 U.S.C. § 1603(b).  (Dkt. No. 1 at ¶ 7-8).  The Foreign Sovereign Immunities Act (FSIA) grants subject matter jurisdiction over suits involving foreign states and their instrumentalities, 28 U.S.C. § 1330(a), and personal jurisdiction over foreign states in claims that satisfy Section 1330(a).  28 U.S.C. § 1330(b).  Neither condition applies here.

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

1.     *France Brevets Is Not an "Agency or Instrumentality of a Foreign State"*

All three requirements set forth in 28 U.S.C. § 1603(b) must be satisfied to exercise jurisdiction over an "agency or instrumentality of a foreign state". Under that statute, an "agency or instrumentality of a foreign state" is an entity:

> (1) which is a separate legal person, corporate or otherwise, and
> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
> (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

Before it can subject France Brevets to the jurisdiction of this Court, NXP USA must show that France Brevets is either an "organ of a foreign state or political subdivision" or that a majority of its shares or other ownership interest is owned by a foreign state or political subdivision. NXP USA has not made this showing, nor can it. France Brevets is neither an organ of France nor majority-owned by France.

The Supreme Court in *Banco* described government-formed instrumentalities which should not be considered the "alter ego" of a foreign state. *First Nat'l City Bank v. Banco Para El Comercio Exterior De Cuba*, 462 U.S. 611, 624 (1983) ("The instrumentality is typically established as a separate juridical entity, with the powers to hold and sell property and to sue and be sued… The instrumentality is run as a distinct economic enterprise; often it is not subject to the same budgetary and personnel requirements with which government agencies must comply."). The Supreme Court held that "government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such." *Id.* at 626-27. France Brevets is a distinct and independent juridical entity and should be treated as such.

In *Patrickson v. Dole Food Co.*, the Ninth Circuit held that companies previously owned by the government of Israel were not instrumentalities of a foreign state under the FSIA. 251 F.3d 795, 808 (9th Cir. 2001), *aff'd*, 538 U.S. 468 (2003). "In defining whether an entity is an organ, courts consider whether the entity engages in a public activity on behalf of the foreign government. In making this determination, courts examine the circumstances surrounding the entity's creation, the

McKOOL SMITH HENNIGAN P.C.
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

purpose of its activities, its independence from the government, the level of government financial support, its employment policies, and its obligations and privileges under state law." *Id.* at 807. In that case, the companies seeking sovereign immunity were created by Israel for the purpose of exploiting resources owned by the government, and the government had the right to approve the appointment of officers and directors and constrain the companies' profits and salaries. However, because the companies could sue and be sued, did not employ civil servants, and could not exercise any regulatory authority, the Ninth Circuit found that the companies were indirectly owned commercial operations, rather than organs of the foreign government. *Id.* at 808.

France Brevets is a limited liability company incorporated under French law with funding from the French government and Caisse des Depots et Consignations ("CDC"), an independent public investment entity, or bank.[1] (Begouin-Grenard Decl. at ¶ 12). France Brevets has a board made up of four representatives of each shareholder, the French government and the CDC. (Bégouin-Grenard Decl. at ¶ 13). France Brevets is a private company that reports to a board that dictates the activities of France Brevets. (Bégouin-Grenard Decl. at ¶ 13). Moreover, France Brevets is a distinct juridical entity that is authorized to sue and be sued in its name. France Brevets does not exercise regulatory authority in France. (Bégouin-Grenard Decl. at ¶ 14). France Brevets does not engage in a public activity on behalf of the foreign government. (Bégouin-Grenard Decl. at ¶ 14). France Brevets does not employ civil servants. (Bégouin-Grenard Decl. at ¶ 16). Based on these factors, France Brevets is not an organ of the French government, and should be treated as distinct and separate from the sovereign state of the French Republic.

The Supreme Court, affirming the Ninth Circuit's decision in *Patrickson*, confirmed that the subsidiary of an instrumentality is not itself entitled to instrumentality status. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 473 (2003). If a government-owned corporation is not deemed an organ of the foreign state, it can still qualify as a "foreign state", but only if the majority of its shares are *directly* owned by a foreign state or political subdivision. *Id.* at 474. France Brevets' shares are

---

[1] *See Freund, et al. v. The Republic of France*, 592 F. Supp. 2d 540 (S.D.N.Y. 2008) (holding that the CDC is a "bank" as defined in a contract, and noting that the United States Department of Justice submitted a Statement of Interest determining the same).

McKOOL SMITH HENNIGAN P.C.
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

owned in equal parts by the French government and the CDC.  (Bégouin-Grenard Decl. at ¶ 12).  Therefore, since France owns less than a majority of the shares of France Brevets, France Brevets does not qualify as a foreign state.  France Brevets does not satisfy one of the three mandatory requirements of Section 1603(b), and therefore this Court cannot exercise personal jurisdiction over France Brevets under Section 1330.

> ### 2.    *This Action Is Not Based Upon a "Commercial Activity" under 28 U.S.C. § 1605(a)(2)*

As explained above, France Brevets is not an instrumentality of a foreign state, so Section 1330 does not grant this Court personal jurisdiction over it on that basis.  However, even if the Court rules that France Brevets is an instrumentality of a foreign state, France Brevets should be dismissed due to the immunity provided by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611.  Pursuant to the FSIA, "a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state."  *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993).  The FSIA exceptions are "the sole basis for obtaining jurisdiction over a foreign state in [U.S.] courts."  *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1122 (9th Cir. 2010).

NXP USA alleges first that France Brevets is an "agency or instrumentality of a foreign state," and that NXP USA's claims are based upon commercial activity within the recognized exceptions to the presumed jurisdictional immunity of foreign states.  (Dkt. No. 1 at ¶ 7).  A foreign state is amenable to suit where the plaintiff's cause of action is "based upon a commercial activity ***carried on in the United States*** by the foreign state; or upon an act ***performed in the United States*** in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that ***causes a direct effect in the United States***."  28 U.S.C. § 1605(a)(2) (emphasis added).

The only causes of action in NXP USA's declaratory judgment suit are patent invalidity and non-infringement.  NXP USA alleges no other cause of action.  NXP USA's declaratory judgment suit is not based on commercial activity "carried on in the United States by the foreign state; or upon

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
dallas, texas

an act performed in the United States in connection with a commercial activity of the foreign state elsewhere."  To be "carried on in the United States," there must be "substantial contact" between the commercial act and this country.  *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1132 (9th Cir. 2012).  "Substantial contact" for the purposes of FSIA jurisdiction involves a higher standard than the minimum contacts standard for due process.  *Sachs v. Republic of Aus.*, 737 F.3d 584, 598 (9th Cir. 2013).  Although the inquiry diverges from the traditional minimum contacts analysis of personal jurisdiction, jurisdiction under the FSIA requires a sufficient connection between the alleged commercial activities and the United States.  Here, there is no such nexus.

In the absence of either commercial activities in the United States or a sufficient connection between the alleged commercial activities and the United States, as is the case here, the commercial activities cannot provide a basis for jurisdiction.  As the Ninth Circuit recently stated while explaining "based upon" in the FSIA, "the commercial activity that occurs within the United States must be connected with the conduct that gives rise to the plaintiff's cause of action."  *Sachs* at 590 (citing *Terenkian* at 1132-33).  "Based upon" means "those elements of a claim that, if proven, would entitle a plaintiff to relief."  *Terenkian*, 694 F.3d at 1132.  The statute requires more than a mere connection with, or relation to, the commercial activity.  *Sachs*, 737 F.3d at 599.  Here, NXP USA's claims for a declaratory judgment of non-infringement and invalidity do not have a sufficient nexus to any alleged commercial activities of France Brevets overseas or directed to the United States.  NXP USA does not allege any facts about France Brevets' alleged commercial activities that are sufficient to establish a necessary element of its case.  See *Kirkham v. Societe Air France*, 429 F.3d 288, 292 (D.C. Cir. 2005) (noting that the alleged commercial activity must establish a fact without which the plaintiff would lose).  Therefore, the commercial activity exception does not apply because NXP USA's claim is not "based on" any alleged commercial activity of France Brevets.

France Brevets has not conducted relevant commercial activities in the United States, unlike the patentee in *Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*, where the Federal Circuit held that obtaining a United States patent and threatening litigation or proffering licenses can be commercial activities under Section 1605(a)(2).  455 F.3d 1364 (Fed. Cir. 2006).  France Brevets

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

does not own any of the United States patents-in-suit, unlike the declaratory judgment defendant in *Intel* that was an assignee of the patent-in-suit and attempted to license the patent to various American companies, rendering that case inapposite.  Jurisdiction in this case cannot be based on the second clause of Section 1605(a)(2).  NXP USA does not allege France Brevets performed an act in the United States that would give rise to its action against France Brevets.

To the extent NXP USA argues that the commercial activity exception applies based on the third clause of Section 1605(a)(2)—an act outside the United States in connection with commercial activity of the foreign state that causes a direct effect in the United States—there was no such "direct effect" felt here.  The Supreme Court held that an effect is "direct" "if it follows 'as an immediate consequence of the defendant's…activity." *Republic of Arg. v. Weltover, Inc.*, 504 U.S 607, 614 (1992) (punctuation in original).  NXP USA has alleged no such effect, much less how any effect was a direct, immediate result of France Brevets' activity outside the United States.  Accordingly, in the event that France Brevets is found to be an instrumentality of a foreign state, this action does not fall within the commercial activity exception, so France Brevets is immune from suit and should be dismissed from this action.

B.    Plaintiff Cannot Meet its Burden of Demonstrating Any Other Basis for Personal Jurisdiction Over France Brevets

France Brevets is not a foreign state or instrumentality, and did not engage in commercial activities in the United States.  NXP USA alleges no other legitimate basis for personal jurisdiction over France Brevets.  France Brevets has no connection to this district or California such that exercising jurisdiction over it would comport with due process.

In a patent infringement suit, this Court must apply Federal Circuit law in determining whether personal jurisdiction may be exercised over a nonresident defendant. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377-78 (Fed. Cir. 1998). The Court, however, may rely upon Ninth Circuit law regarding personal jurisdiction to the extent it is not inconsistent with Federal Circuit authority. *USA Payments, Inc. v. Hotel Ramada of Nev.*, No. C-01-1450 VRW, 2001 U.S. Dist. LEXIS 9493, at *2-3 (N.D. Cal. June 21, 2001).

Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Because California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with federal due process. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 753 (2014). For due process to be satisfied when the defendant is not present in California, the defendant must have minimum contacts with the state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted). *Helicopteros Nacionales de Colombia, S.A. v. Hall* ("*Helicopteros*"), 466 U.S. 408, 414-15 & n.9 (1984).

NXP USA bears the burden of demonstrating either general personal jurisdiction or specific personal jurisdiction. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In effect, the Court presumes lack of jurisdiction unless the asserting party can prove otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, NXP USA must affirmatively and specifically show the existence of whatever is essential to federal jurisdiction. If NXP USA fails to do so, this Court must dismiss the case. *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

NXP USA's complaint contains no allegations that France Brevets engaged in activities within California that created sufficient contacts for this Court to exercise personal jurisdiction. Likewise, NXP USA fails to allege sufficient facts showing that France Brevets "purposefully directed" any activities at California that give rise to NXP USA's claim. *Schwarzennegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2003).

1.   *The Court Does Not Have General Jurisdiction Over France Brevets*

The necessary contacts to establish general jurisdiction are quite high. *See Helicopteros*, 466 U.S. at 414, *rev'd on other grounds by* 499 U.S. 585 (1991). A court may assert general jurisdiction over foreign corporations "when their affiliations with the State are so 'continuous and systematic'

as to render them essentially at home in the forum State." *Daimler AG*, 134 S.Ct. at 754 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Defendant's contacts must be of the sort that "approximate physical presence" in the forum. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

NXP USA alleges no facts to demonstrate that France Brevets' contacts with California are substantial or "continuous and systematic." Among the factors that courts consider are "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process," is registered or licensed to do business in the state, pays taxes in the state, or maintains bank accounts in the state. *Id.* With respect to a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 134 S. Ct. at 760.

France Brevets is not subject to general jurisdiction in the Northern District of California. As noted in Section III, France Brevets is a corporation, organized and existing under the laws of France, with its principal place of business in France. It is clear that France Brevets is not "at home" in California as required under *Goodyear* and *Daimler*.

France Brevets does not maintain an office in California. (Bégouin-Grenard Decl. at ¶ 3). France Brevets does not have a registered agent in California. France Brevets is not registered or licensed to do business in California. (Bégouin-Grenard Decl. at ¶ 2). France Brevets does not own or lease real property in California, or anywhere in the United States. (Bégouin-Grenard Decl. at ¶ 5). France Brevets does not own or lease tangible personal property in California, or anywhere in the United States. (Bégouin-Grenard Decl. at ¶ 6). France Brevets does not pay taxes in California, or anywhere in the United States. (Bégouin-Grenard Decl. at ¶ 7). France Brevets does not have employees in California, or anywhere in the United States. (Bégouin-Grenard Decl. at ¶ 8). France Brevets does not advertise to California residents, and France Brevets does not pay for any print, radio, television, or any other advertising directed to California residents. (Bégouin-Grenard Decl. at ¶ 9). France Brevets does not have any bank accounts in California, or anywhere in the United States. (Bégouin-Grenard Decl. at ¶ 10).

McKOOL SMITH HENNIGAN P.C.
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

To the extent that NXP USA argues that NFCT, a subsidiary of France Brevets, has sufficient minimum contacts with California (which France Brevets disputes), these contacts should not be imputed to France Brevets.   The parent-subsidiary relationship is not sufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes, except "where the subsidiary is the parent's alter-ego, or where the subsidiary acts as the general agent of the parent." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003).   *See also J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2805 (2011) (Ginsburg, J., dissenting) (noting unanimous agreement that a foreign manufacturer could not be exposed to all-purpose jurisdiction in New Jersey courts based on the contacts of its U.S.-based distributor).   "To satisfy the alter ego exception to the general rule that a subsidiary and the parent are separate entities, the plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Harris Rutsky*, 328 F.3d at 1134 (internal punctuation omitted).   "To satisfy the agency test, the plaintiff must make a prima facie showing that the subsidiary represents the parent corporation by performing services sufficiently important to the parent corporation that if it did not have a representative to perform them, the parent corporation would undertake to perform substantially similar services." *Id.* at 1135.

NFCT and France Brevets do not comingle assets, but instead they maintain separate books and records and separate bank accounts.  (Dkt. No. 25, Att. 1, Asselot Decl. at ¶ 13).   NFCT's corporate meetings are held separately from France Brevets.  (Bégouin-Grenard Decl. at ¶ 17). Additionally, France Brevets does not exercise control over the daily operations or internal affairs of NFCT, and NFCT does not have the authority to bind France Brevets.  (Dkt. No. 25, Att. 1, Asselot Decl. at ¶ 14-15).  Crucially, NXP USA alleges that NFCT—not France Brevets—"filed claims in the Eastern District of Texas against HTC America, Inc., LG Electronics USA, Inc., and LG Electronics Mobilecomm."  (Dkt. No. 1 at ¶ 26 (parentheticals omitted)).  NFCT filed patent claims to protect its own patent rights, rather than acting as an agent of France Brevets, and NXP USA has made no allegation that France Brevets ever owned the patents-in-suit in Texas or would undertake

McKOOL SMITH HENNIGAN P.C.
A PROFESSIONAL CORPORATION • ATTORNEYS
DALLAS, TEXAS

similar actions in NFCT's absence.  As such, NFCT's contacts with California, if any, cannot be imputed to France Brevets for jurisdictional purposes.

2.    <em>The Court Does Not Have Specific Jurisdiction Over France Brevets</em>

Specific jurisdiction is present when the nonresident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable.  *3D Sys., Inc.*, 160 F.3d at 1378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 476-77 (1985)).

a.    Legal Standard for Specific Jurisdiction in Declaratory Judgment Cases

When a defendant is not subject to general personal jurisdiction, a district court may exercise specific personal jurisdiction only if: "(1) the defendant purposefully directed the activities at residents of the forum; (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair."  *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).  Moreover, in the Ninth Circuit, specific jurisdiction is analyzed under a similar three prong test: (1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.  *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991).  *See also Burger King Corp. v. Rudezewicz*, 471 U.S. at 472-73 (noting that a court may exercise specific jurisdiction over a nonresident defendant if "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.").

In the context of a declaratory judgment action for non-infringement, "the nature of the claim in a declaratory judgment action is to clear the air of infringement charges."  *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d at 1332 (internal quotations omitted).  For the purposes of specific personal jurisdiction, courts look to the extent to which "the defendant patentee purposefully directed such enforcement activities at residents of the forum, and the extent to which the declaratory

judgment claim arises out of or relates to those activities." *Id.* (internal punctuation omitted).  *See also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (holding that only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for an action for a declaratory judgment).

NXP USA has not alleged that France Brevets engaged in any licensing or enforcement activities in California, and its only factual allegation to support the purported jurisdiction of this Court is that France Brevets "approached customers of NXP products regarding the licensing and enforcement of patents."  (Dkt. No. 1 at ¶ 22).  The Federal Circuit has held that in order to justify the exercise of specific jurisdiction, "there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit."  *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d at 1202; *see also Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement.").

        b.     France Brevets Took No Action in This District That Would Give Rise to Specific Jurisdiction over NXP USA's Declaratory Judgment Claims.

Given that NXP USA's own presence and economic activities in the Northern District of California cannot form a basis for specific jurisdiction in a declaratory judgment action, NXP USA has not pled that France Brevets has taken any action in the Northern District of California whatsoever.  NXP USA does not allege that any actions giving rise to a case or controversy occurred in California, relying instead on unspecified miscellaneous communications outside this jurisdiction and on litigations in Texas and Germany.  (Dkt. No. 1 at ¶¶ 22-26, 29).

As an initial matter, the identified activities of France Brevets and/or NFCT cannot support an action for declaratory judgment in this District.  Enforcing a patent-in-suit outside of the forum does not subject a Defendant to specific personal jurisdiction in the forum. *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d at 792 (affirming district court's Rule 12(b)(2) dismissal for lack of

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

personal jurisdiction and noting that the court "made clear in *Avocent* that enforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum, and that decision is controlling here"); *Avocent*, 552 F.3d at 1339 ("We are aware of no precedent that holds that the filing of a suit in a particular state subjects that party to specific jurisdiction everywhere else").

The Federal Circuit has also rejected assertions of specific jurisdiction based on a foreign defendant's communications directed at plaintiffs in the forum concerning certain enforcement related activities. For example, a foreign defendant may notify a party of alleged infringement and enter into unsuccessful licensing negotiations with the accused infringer without being subject to specific jurisdiction in the accused infringer's forum. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002) (reversing district court's denial of Rule 12(b)(2) motion to dismiss and holding there was no specific jurisdiction where "[a]ll of [defendant's] documented contacts were for the purpose of warning against infringement or negotiating license agreements, and he lacked a binding obligation in the forum"). Even beyond simple service of a complaint, settlement negotiations are also unlikely to be used as jurisdictional contacts because of the policy favoring settlements. *See also Red Wing Shoe Co., Inc. v. Rockerson-Halberstadt, Inc.*, 148 F.3d at 1361 (Fed. Cir. 1998) (citing *Digi-Tel Holdings. Inc. v. Proteq Telecomms. (PTE), Ltd*, 89 F.3d 519, 524 (8th Cir. 1996) ("Courts have hesitated to use unsuccessful settlement discussions as 'contacts' for jurisdictional purposes")); *HID Global Corp. v. Isonas, Inc.*, 2014 U.S. Dist. LEXIS 56024 (C.D. Cal. April 21, 2014) (granting motion to dismiss a declaratory judgment action for lack of personal jurisdiction when defendant's enforcement efforts were the equivalent of infringement letters designed to notify potential infringers of defendant's belief of infringement and offer to negotiate a solution).

NXP USA does not plead that any activities giving rise to declaratory judgment jurisdiction occurred in this District. Because France Brevets took no actions toward NXP USA or NXP USA's customers in California and took no action that could rise to the level of creating a case or

controversy between France Brevets and NXP USA, this Court lacks specific jurisdiction over France Brevets.

### C.    NXP USA's Claims against France Brevets Should be Dismissed for Lack of Subject Matter Jurisdiction.

As explained above, this Court does not have subject matter jurisdiction over NXP USA's claims under 28 U.S.C. § 1330(a). Moreover, it does not have subject matter jurisdiction over this action on any other basis.

"Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. at 377. NXP USA, the party invoking the jurisdiction of the federal court, bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id*. In order for this Court to have subject matter jurisdiction to hear NXP USA's declaratory judgment claim against France Brevets, there must be a case and controversy giving rise to declaratory judgment. 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). If no actual controversy exists between the parties regarding the subject on which declaratory judgment is sought, the court lacks subject matter jurisdiction. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937). In *MedImmune, Inc. v. Genentech, Inc.*, the Supreme Court reiterated that the proper test for whether a declaratory judgment action presents a justiciable controversy is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Federal Circuit has held that "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (emphasis added).

NXP USA concedes that France Brevets has never threatened NXP USA with regard to the patents-in-suit. Moreover, NXP USA failed to plead that France Brevets has sufficient rights to the patents-in-suit such that subject matter jurisdiction could exist. In fact, ***NXP USA's allegations are***

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

*to the contrary*.  NXP USA admits in its complaint that INSIDE Secure is the owner of the '419 patent. (Dkt. No. 1 at ¶ 10).  Even if France Brevets is an exclusive worldwide license to the '419 patent, that is irrelevant because that patent is not currently being asserted in U.S. litigation.  NXP USA does not allege that France Brevets has any rights to the other patents-in-suit.  There can be no case or controversy between France Brevets and NXP USA where France Brevets does not have the right to sue NXP USA.  *See Top Victory Electronics v. Hitachi Ltd.*, No. C 10-01579 CRB, 2010 U.S. Dist. LEXIS 125003,  at *2 (N.D. Cal. Nov. 15, 2010) ("In order for a plaintiff to have standing in a declaratory action involving allegations of patent infringement, the defendant must have a legal right in the patent at issue that would allow the defendant to bring suit for infringement.") (citing *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998)).

Even presuming that France Brevets had a right to sue NXP USA that would support a declaratory judgment action (which it does not), none of the activities of France Brevets alleged by NXP USA create a case or controversy.  Although it is true that the circumstances considered may include correspondence and negotiations between *the parties* regarding the patent, previous actions enforcing the patent in question, and sometimes, foreign litigation enforcing the foreign equivalent of a U.S. patent, it is typically the interactions between *the parties* that are properly considered. *See., e.g., Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 888-89 (Fed. Cir. 1992).  "While foreign litigation can be a significant factor in creating a reasonable apprehension of litigation in the U.S., the specifics of the foreign litigation offered as evidence must be examined by the Court on a case-by-case basis."  *Studex Corp. v. Blomdahl Medical Innovation*, 355 F. Supp.2d 3, *8 (D.D.C. September 20, 2004) (holding that a Swedish patent suit against plaintiff's Swedish distributor was not sufficient to raise an actual controversy between the U.S. parties).  Similarly, France Brevet's European lawsuits against parties that are not associated with NXP USA are not the type of circumstances sufficient to raise an actual controversy in the U.S. between NXP USA and France Brevets.

NXP USA does not allege in its complaint that France Brevets took any action in California creating a case and controversy between NXP USA and France Brevets.  The actions alleged by

NXP USA do not rise to the level of creating an actual controversy in the United States.  According to NXP USA, France Brevets allegedly "approached customers of NXP products regarding the licensing and enforcement of patents …" (Dkt. No. 1 at ¶ 22); "present[ed] claim charts for infringement of the '551 Patent [and '664 Patent]…" (*Id*. at ¶ 23-24); "present[ed] information about European Patent No. 1,855,229 and its United States counterpart, the '419 Patent" (*Id*. at ¶ 25); and "filed claims in its own name in Düsseldorf, Germany against LG Electronics Deutschland GmbH and HTC Germany GmbH."  (*Id*. at ¶ 29) (parentheticals omitted).  NXP USA does not allege that France Brevets directed any of these activities toward NXP USA, or even any specific customers of NXP USA, so there is no controversy between NXP USA and France Brevets to warrant subject-matter jurisdiction over this action.  *See Cisco Sys. v. Alta Telecomms. Research Ctr.*, 538 Fed. Appx. 894, 898 (Fed. Cir. 2013) (finding no case or controversy where there were no "protracted discussions" between the parties regarding potential liability before filing the declaratory judgment action.").

Even if France Brevets had directed such activities directly to NXP USA, which it did not, such communications fall far below what is necessary for declaratory judgment jurisdiction.  *See Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362 (Fed. Cir. 2009) ("a communication from a patent owner to another party, merely identifying its patent and the other party's product line, without more, cannot establish adverse legal interests between the parties, let alone the existence of a 'definite and concrete' dispute.").

To the extent that NXP USA argues that is has a right to bring this declaratory judgment action because certain LG and HTC entities have been sued in Texas, NXP USA is incorrect.  Even if the HTC and LG entities were customers of NXP USA, NXP USA cannot seek a declaration from a California court on behalf of customers when a suit against those customers on the same issues is already underway in a Texas court.  *See Microsoft Corp. v. Datatern, Inc.*, 2014 U.S. App. LEXIS 8419, *9 (Fed. Cir. May 5, 2014) ("[E]ven if there were such an obligation—to indemnify a customer already sued by the patentee in Texas—it would not justify what [NXP USA] seek[s] here. A case has already been filed against these customers in the Eastern District of Texas. [NXP USA]

cannot seek a declaration from a [California] court on behalf of customers they must indemnify where a suit against these very same customers on all the same issues was *already* underway in a Texas court.") (citing *Futurewei Techs., Inc. v. Acacia Research Corp.,* 737 F.3d 704, 708 (Fed. Cir. 2013).

D.   NXP USA's Claims Should Be Dismissed for Improper Venue

NXP USA's action should be dismissed for improper venue under 28 U.S.C. §§ 1391(b), 1391(f), and 1400(b).  The general venue statute provides that:

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

This District is not a proper venue for the following reasons.  **First**, none of the Defendants in this action reside in the Northern District of California.  (*See* Dkt. No. 1 at ¶¶ 3-5).  Likewise, France Brevets is not subject to general jurisdiction in the Northern District of California, as set forth above.  (*See supra*, Section IV(B)(1)).  **Second**, NXP USA has not established that any of the events or omissions giving rise to its claims occurred in California, instead relying primarily on litigation occurring in Texas and Germany.   (Dkt. No. 1 at ¶¶ 26, 29).  **Third**, under 28 U.S.C. § 1391(b), venue in this District is improper because, as previously noted, France Brevets is not subject to personal jurisdiction in this District, nor do the activities of France Brevets or NFCT subject them to jurisdiction in this District as alleged by NXP USA.  Based on the allegations in the complaint, NXP USA has not demonstrated that any section of 28 U.S.C. § 1391 can be met.  Likewise, 28 U.S.C. § 1400 authorizes venue "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  France Brevets neither resides nor does business in California.

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

1   NXP USA's allegation that France Brevets is a "foreign state" must find venue based on 28

2   U.S.C. § 1391(f)(1), (3). However, NXP USA fails to satisfy venue under this statute (as well as

3   failing to establish that France Brevets is an "agent or instrumentality of a foreign state") because "a

4   substantial part of the events or omissions giving rise to the claim" did not occur in the Northern

5   district of California, and because France Brevets is not "licensed to do business or is doing

6   business" in this District. 28 U.S.C. § 1391(f)(1), (3).

7   Accordingly, Plaintiff NXP USA's complaint should be dismissed for improper venue.

8   **V.      CONCLUSION**

9   For the reasons set forth above, France Brevets is not subject to personal jurisdiction in the

10  Northern District of California, and the Northern District of California does not have subject matter

11  jurisdiction over NXP USA's claims against France Brevets. Additionally, no case or controversy

12  exists or could exist between NXP USA and France Brevets that could form the basis for subject

13  matter jurisdiction over NXP USA's claims, and NXP USA's claims should therefore be dismissed.

14  Likewise, because France Brevets does not reside in the Northern District of California and the

15  events purportedly giving rise to NXP USA's claims did not occur in the Northern District of

16  California, the claims against France Brevets should be dismissed for improper venue.

17

18  DATED: June 18, 2014                        Respectfully submitted,

19                                              MCKOOL SMITH HENNIGAN, P.C.

20

21                                              /S/_____*Stephanie M. Adams Ryan*_____

22                                              Courtland L. Reichman
                                                Stephanie M. Adams Ryan
23                                              MCKOOL SMITH HENNIGAN
                                                255 Shoreline Drive, Suite 510
24                                              Redwood Shores, CA 94065
                                                Telephone: (650)-394-1045
25                                              Facsimile: (650)-394-1422
                                                creichman@mckoolsmithhennigan.com
26                                              sadamsryan@mckoolsmithhennigan.com

27                                              Robert Auchter *(PRO HAC VICE)*

28

McKool Smith Hennigan P.C.
A Professional Corporation • Attorneys
Dallas, Texas

FRANCE BREVETS S.A.S.'S MOTION TO          21          Case No. 3:14-cv-01225-SI
DISMISS

Benjamin Levi *(PRO HAC VICE)*
MᴄKᴏᴏʟ Sᴍɪᴛʜ P.C.
1999 K Street NW, Suite 600
Washington, DC 20006
Telephone: (202) 370-8300
Fax: (202) 370-8344
rauchter@mckoolsmith.com
blevi@mckoolsmith.com


*Attorneys for Defendant*
*France Brevets, S.A.S.*